IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                    :

EVELYN TORRES PITRE                 :        CASE NO. 04-01483(SEK)

    DEBTOR                          :        CHAPTER 13
_____
EVELYN TORRES PITRE                 :

    PLAINTIFF                       :        ADV. PROC. 05-00051

        V.                          :

EVELYN DE JESUS, et al., JOHN       :
DOE & JOSE CARRION, THE
CHAPTER 13 TRUSTEE.

                   :

    DEFENDANTS                      :
_____:

**FILED & ENTERED**

**0 2 JUL 2007**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO



## OPINION AND ORDER

The issue at hand is whether the Chapter 13 Debtor has standing to invoke strong-arm clauses of the Bankruptcy Code[1] in order to avoid and strip the second mortgage lien encumbering her residence. Under the facts of this case, we find Debtor does not have standing to pursue the avoidance action under 11 U.S.C. §§ 522(h) or 544, and therefore, dismiss the complaint.

### Background

Defendant loaned money ("the loan") to plaintiff on March 4, 2003. Plaintiff executed a bearer note and a mortgage deed ("the

---

[1] All references to the "Bankruptcy Code" or to specific sections are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. § 101, et seq. We have subject matter and personal jurisdiction over the parties pursuant to 28 U.S.C. §§ 1334 and 157 (a), and this is a core proceeding under 28 U.S. § 157(b)(2)(F).

deed") guaranteeing payment of the loan. The deed was subsequently registered as a second mortgage encumbering her residence. On March 6, 2003, plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

Debtor proposed three different plans, but none were confirmed. We then ordered debtor to show cause why the case should not be dismissed for her failure to obtain confirmation of a plan within a reasonable period of time. Debtor did not reply, and we enforced our order by dismissing the case. Debtor sought and obtained reconsideration of the dismissal. Eventually, she filed the instant complaint and a fourth amended plan.

The fourth amended plan calls for equal monthly payments of $175.00, to be distributed amongst: (1) administrative creditors, (2) to cure arrears owed to the first mortgagor, and (3) presumably distribute the liquidation value of $1,452.00 to the unsecured creditors.



The complaint seeks to avoid the second mortgage securing payment of the loan, as defendant admittedly holds the bearer note without a pledge. Debtor invokes the strong arm powers of Code § 544 to avoid the unperfected second mortgage lien under 11 U.S.C. § 547, and the rulings entered in the cases of Matter of Supermercados San Juan, Inc., 575 F. 2d 8 (1st Cir. 1978) and In re Santos Nieves, Inc., 814 F. 2d 57 (1st Cir. 1987).

2

At trial, prior to any opening statement, defendant moved for dismissal of the case arguing for the first time without citing legal references, that the Chapter 13 Trustee was an indispensable party.  After some discussion, we ruled from the bench that the Trustee was not an indispensable party, and continued with the trial until its conclusion.  Upon further review, we found that here the Trustee might indeed be an indispensable party, since he may be the only one with standing to invoke the strong-arm powers of the Code.  We then ordered counsel to brief the issue, and they complied.

## Discussion

A Chapter 13 debtor has standing to invoke the Trustee's avoidance powers under Code section 522(h), and may also have standing under 11 U.S.C. § 544 to avoid a transfer pursuant to Code sections 547, 548, 549 etc.

*A. Chapter 13 Debtor's Avoidance Powers Under § 522(h)*

To succeed under this section, a debtor  would have to prove that: (1) the transaction under scrutiny involves an involuntary transfer of unconcealed interest in property; (2) such interest could be exempted by the debtor; and, (3) the Trustee refused to pursue the avoidance action.[2]

---

[2] The first two requirements prevent debtors from benefitting through their own voluntary acts. In re Davis, 169 B.R. 285, 295 (Bankr. E.D.N.Y. 1994).

3

In this case, the Chapter 13 debtor can not assert standing under Section 522(h) since the transfer under scrutiny was voluntary.[3] Furthermore, debtor did not produce any evidence showing the Trustee refused to prosecute the avoidance, or assigned it to her, so she could pursue it on behalf of the estate. We also note that § 522(h) limits the instances when a Chapter 13 debtor can use the strong-arm powers of a trustee. Should we allow this debtor to unconditionally invoke the strong-arm provisions here, we would circumvent the express will of Congress, thereby rendering section 522(h) worthless, allowing debtor to benefit from her own voluntary act of mortgaging her property. E.g., <u>Bruce, et al. v. Republic Bank S. Austin (In re Novell)</u>, 96 B.R. 717, 722 (Bankr. W.D.Tex. 1989).

B.  *Chapter 13 Debtor's avoidance powers pursuant to § 544*

Courts disagree on whether a Chapter 13 debtor has the authority to invoke the avoidance powers of the Trustee outside the context of Section 522(h).[4] 5 <u>Collier on Bankruptcy</u>, § 547.11 (15th ed. rev.).

---

[3] The following facts clearly sustain this assertion: (1) the bearer note and the mortgage deed were executed voluntarily by the debtor to secure her obligation to defendant as part of a sales agreement between them; (2) both parties were present when the documents were prepared and exchanged; (3) the attorney that notarized these documents was hired by the debtor but paid by defendant.

[4] These divergent opinions occur because the avoidance and recovery powers provided by sections 544, 545, 547, 548 and 549 are worded in terms of "an action by the **trustee**". (our emphasis) 11 U.S.C. §§ 544 to 549.

4

One line of cases employs a "holistic approach" to statutory construction thereby granting standing to a debtor considering that the economic realities and policy considerations behind Chapter 13 will be better addressed by this practice. Houston v. Eiler (In re Cohen), 305 B.R. 886, 895 (B.A.P. 9th Cir. 2004); Thacker v. United Cos. Lending Corp. (In re Thacker), 256 B.R. 724 (Bankr. W.D. Ky. 2000); In re Freeman, 72 B.R. 850 (Bankr. E.D. Va. 1987). The argument proffered by the proponents of this position generally rests on two premises: (1) the avoidance powers will be used by the debtor to obtain funds to finance the plan; and (2) the estate and subsequently the creditors will benefit from the intervention of the debtor. In re Cohen, supra at 897-898; In re Jernigan, 130 B.R. 879, 887 (Bankr. N.D.Okl., 1991).

The other line of cases relies on a "plain meaning" of words contained in the statute as a basis for deciding that such standing does not exist.[5] Ryker v. Current (In re Ryker), 315 B.R. 664 (Bankr. D.N.J. 2004); In re Cora, 311 B.R. 302 (Bankr. S.D.Fla. 2004); Knapper v. Bankers Trust Co. (In re Knapper), 407 F.3d 573 (3d Cir. 2005). This posture adheres to the Supreme Court's analysis in Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A. (In re Hartford), 530 U.S. 1 (2000), and concludes that the language of the Code's clearly and plainly limits the usage of the strong-arm powers exclusively to the trustee. Its adherents point

_____

[5] Recently, this is the approach adopted by a majority of the courts. Matter of Hamilton, 125 F.3d 292, 296 (5th Cir. 1997).

5

out that Congress knew how to provide standing to the debtor – as evidenced by sections 522(f), 522 (h), 1107 and 1203 of the Code – but refrained from doing so when drafting the strong-arm power provisions.    In re Henderson, 133 B.R. 813, 816-817 (Bankr. W.D.Ind. 1991); In re Novell, supra at 720-721 (Bankr. W.D.Tex. 1989).

We note the strong-arm power provisions of the Code were left untouched in the 2005 comprehensive revision of the Bankruptcy statute.    Should Congress have intended to allow a Chapter 13 debtor to invoke the avoidance powers given to a trustee in these sections, they would have established it at that juncture. Congress' inaction speaks volumes.

Were we to adopt the holistic approach, this debtor would still not have standing to pursue the avoidance of the second mortgage.    Her fourth amended plan is not financed by any funds acquired through the avoidance action, and she has not shown that her creditors will profit from it.[6]    She has not shown the trustee refused to pursue the avoidance, or assigned it to her.    Therefore,

---

[6] The plan proposed by the debtor will be completely financed with funds obtained from employment and alimony payments. Furthermore, the best interest of creditors test is not satisfied, since in a hypothetical Chapter 7 liquidation no funds would be left to pay the claims of unsecured creditors. 11 U.S.C. § 1325. The funds that could be obtained from the liquidation of the debtor's residence- which is the only asset in the case from which funds could be acquired- would be completely exhausted by the debtor's exemption and the amounts owed to secure and priority creditors, as well as to the trustee and debtor's attorney.

even applying the holistic approach to the facts of this case, debtor would not have standing.

For all these reasons, we conclude that circumstances of this case show this Chapter 13 debtor does not have standing to exercise the strong-arm powers of the Code to file and pursue this complaint seeking the avoidance of a second mortgage lien on her residence. Accordingly, we dismiss the complaint, and order the Clerk to reschedule the hearing for confirmation of the fourth amended plan.

**SO ORDERED**, in San Juan, Puerto Rico, on July 2, 2007.

SARA DE JESUS
U.S. Bankruptcy Judge